265 U.S. 189 (1924)
UNITED STATES
v.
SUPPLEE-BIDDLE HARDWARE COMPANY.
No. 477.
Supreme Court of United States.
Argued April 9, 1924.
Decided May 26, 1924.
APPEAL FROM THE COURT OF CLAIMS.
*190 Mr. Alfred A. Wheat, Special Assistant to the Attorney General, with whom Mr. Solicitor General Beck and Mr. Fred E. Hamilton were on the brief, for the United States.
Mr. Frank Davis, Jr., and Mr. Frederic L. Clark, with whom Mr. A. Mitchell Palmer and Mr. William D. Harris were on the brief, for appellee.
Mr. Henry Necarsulmer and Mr. Max J. Kohler, by leave of Court, filed a brief as amici curiae.
*192 MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.
The Supplee-Biddle Hardware Company sued the United States in the Court of Claims to recover $55,153.89, with interest, as taxes illegally assessed on the proceeds of two life insurance policies paid to it as the beneficiary on the death in 1918 of the insured, Robert Biddle, 2nd. Biddle was elected President of the Company in February, 1917. He was then thirty-seven years of age, in good health, and had for nearly twenty years held various offices in the Biddle Hardware Company, which had merged with the appellee company in January, 1914. He was a man of ability, energy and initiative and was so regarded in the hardware trade. The returns from the Company's business under Biddle's management had been much increased. At the instance of the Board of Directors and the expense of the Company, he took out the two policies for $50,000 each. They were term policies for five years. The Company intended thus to make secure its financial position, and to indemnify itself against losses to its earning power in the event of Biddle's death.
The Revenue Act of 1918, which was passed February 24, 1919 (40 Stat. 1057, c. 18), in prescribing the income to be taxed, deals first with individuals, from § 212 to *193 § 228, inclusive. Then follows provision for the rate of income tax on corporations, beginning with § 230. Section 233(a) says "That in the case of a corporation subject to the tax imposed by section 230 the term `gross income' means the gross income as defined in section 213," with certain exceptions not here material. Section 213 defines the gross income for individuals as follows:
"That for the purposes of this title (except as otherwise provided in section 233) the term `gross income' 
"(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service . . . of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever . . .; but
"(b) Does not include the following items, which shall be exempt from taxation under this title:
"(1) The proceeds of life insurance policies paid upon the death of the insured to individual beneficiaries or to the estate of the insured."
The Treasury Department, construing these sections, held that the proceeds of insurance policies paid to a beneficiary which was a corporation, were not exempted and were included as "gains. . . from any source whatever." Under this ruling the appellee was forced to pay a tax of $84,737.95 on the proceeds of the two policies of $97,947.28. The Commissioner of Internal Revenue reduced this amount by $29,584.06 in accordance with the powers conferred upon him by §§ 327 and 328 of the Revenue Act of 1918 to reduce the rate of taxation in cases of unusual hardship. There remained, however, the sum of $55,153.89, which tax the appellee paid under *194 protest, and for this with interest, the Court of Claims gave judgment to the appellee.
We think the Treasury Department erred in assuming that Congress intended by §§ 233 and 213 to distinguish between individual beneficiaries and corporate beneficiaries in including the proceeds of life insurance policies as within gross income. We think the two sections have no such purpose. Section 213 primarily applies only to the taxing of individuals. The union of proceeds of life insurance payable to individual beneficiaries and to the estate of the assured was thus intended to emphasize the exclusion from taxation in the hands of individuals of all such proceeds and to leave no doubt of it. The meaning is the same as if the clause had read "the proceeds of life insurance shall not be included in gross income whether they are paid to individual beneficiaries or to the estate of the assured." When Congress came to deal with the gross income of corporations, it made use of § 213 by reference and grafted it on to § 233. It is reasonable that the purpose of § 213 to exclude entirely the proceeds of life insurance policies from taxation in the case of individuals should be given the same effect in adapting its application to corporations, and that such proceeds should be so excluded whether by the direction of the insured they were to go to specially named beneficiaries or were to inure to the estate of the insured.
Nor do we find any difficulty with the expression in paragraph (b) which exempts proceeds of life insurance from gross income. The word is used not to indicate that they would be otherwise included in the income to be taxed, but only to make clear that the gross does not include them.
It is earnestly pressed upon us that proceeds of life insurance paid on the death of the insured are in fact capital and can not be taxed as income under the Sixteenth Amendment. Eisner v. Macomber, 252 U.S. 189, 207; *195 Merchants' Loan & Trust Co. v. Smietanka, 255 U.S. 509, 518. We are not required to meet this question. It is enough to sustain our construction of the act to say that proceeds of a life insurance policy paid on the death of the insured are not usually classed as income.
Life insurance in such a case as the one before us is valid and is not a wagering contract. There was certainly an insurable interest on the part of the Company in the life of Biddle. Mutual Life Insurance Co. v. Board, 115 Va. 836; Keckley v. Coshocton Glass Co., 86 Oh. St. 213; Mechanicks National Bank v. Comins, 72 N.H. 12; United Security Life Ins. & Trust Co. v. Brown, 270 Pa. St. 264. Life insurance in such a case is like that of fire and marine insurance, a contract of indemnity. Central Bank of Washington v. Hume, 128 U.S. 195. The benefit to be gained by death has no periodicity. It is a substitution of money value for something permanently lost either in a house, a ship, or a life. Assuming without deciding that Congress could call the proceeds of such indemnity, income, and validly tax it as such, we think that in view of the popular conception of the life insurance as resulting in a single addition of a total sum to the resources of the beneficiary, and not in a periodical return, such a purpose on its part should be express, as it certainly is not here.
This view is strengthened by the fact that under § 402, p. 1097, of the same Revenue Law of 1918, a decedent's estate tax is levied, with rates ranging from one per centum to twenty-five per centum on the net estate which is made to include (par. f) "the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life." The result of the construction put by the Government upon §§ 233, 230 and 213 *196 would be to impose a double tax on the proceeds of the two policies in this case over and above $40,000, i.e., an income tax and an estate tax. Such a duplication even in an exigent war tax measure is to be avoided unless required by express words.
The judgment of the Court of Claims is affirmed.